# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, POND, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 BRYAN O. SANDOVAL**
**United States Army, Appellant**

ARMY 20220198

Headquarters, U.S. Army Cyber Center of Excellence and Fort Gordon
Albert G. Courie III, Military Judge
Colonel Danyele M. Jordan, Staff Judge Advocate

For Appellant: Lieutenant Colonel Dale C. McFeatters, JA; Major Mitchell D. Herniak, JA; Captain Tumentugs D. Armstrong, JA (on brief).

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Chase C. Cleveland, JA; Major Kalin P. Schlueter, JA (on brief).

27 November 2023

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PARKER, Judge:

Appellant raises three assignments of error before this court, one of which merits correction to the Statement of Trial Results (STR)[1] and one of which merits discussion and relief. Appellant requests at least thirty days of sentencing relief for excessive post-trial delay where 268 days elapsed from adjournment to this court's receipt of appellant's case. We agree with appellant and provide thirty days of sentencing relief in our decretal paragraph.

---

[1] See *infra* note 4.

## BACKGROUND

Appellant was tried by a military judge alone at a special court-martial located at Fort Eisenhower, Georgia. Pursuant to his plea, appellant was found guilty of possession of child pornography in violation of Article 134, Uniform Code of Military Justice 10 U.S.C. § 934 [UCMJ].[2] Appellant was sentenced to six months of confinement and a bad conduct discharge.

Appellant was sentenced by the military judge on 21 April 2022 and submitted post-trial matters dated 29 April 2022. The military judge entered judgment on 10 May 2022 and authenticated the record on 15 June 2022. Then nothing happened in appellant's case for over six months despite this record of trial consisting of 55 pages of transcript. On 16 December 2022 defense counsel inquired into the status of appellant's post-trial processing with the Office of the Staff Judge Advocate (OSJA). It was on this date that the OSJA identified the court reporter had not in fact assembled appellants record of trial. The 16 December 2022 OSJA memorandum notes that the government erroneously believed appellant's case was processed on 8 July 2022, prior to defense counsel's inquiry. On 29 December 2022 the court reporter certified the transcript and on 13 January 2023 this court docketed appellant's case. Approximately 268 days had elapsed since announcement of appellant's sentence.

## LAW AND DISCUSSION

We review allegations of unreasonable post-trial delay de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006); *United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011); *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022).

Article 66(d)(2), UCMJ, provides this court the necessary authority and framework to exercise our discretion in determining whether relief is appropriate under these facts. Article 66(d)(2) ("the Court *may provide appropriate relief* if the accused demonstrates . . . excessive delay in the processing of the court-martial after the judgment was entered into the record") (emphasis added). In exercising our discretion this court focuses on the totality of the circumstances surround appellant's post-trial processing timeline, and the "interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay." *United States v. Winfield*, 83 M.J. 662, 666 (Army Ct. Crim. App. 2023).

---

[2] Specification 2 of The Charge was withdrawn and dismissed.

The post-trial processing delay of 268 days for appellant's 55-page record of trial is excessive. The unit's explanation does not justify the delay but rather only enhances the unreasonableness of the delay. While we acknowledge that appellant's case appears to have been misplaced by the OSJA, this misplacement was only discovered at the prompting of defense counsel who had not lost track of appellant's post-trial processing timeline. Still, it then took nearly another month for appellant's case to be docketed with this court. Therefore, based on the totality of these circumstances, we find appellant's request for 30 days of relief to be appropriate and in the interests of justice.

## CONCLUSION

Upon consideration of the entire record, the finding of guilty is AFFIRMED. Only so much of the sentence as provides for five months of confinement and a bad conduct discharge is affirmed.[3][4]

Senior Judge WALKER and Judge POND concur.

FOR THE COURT:



JAMES W. HERRING, JR.
Clerk of Court

---

[3] Pursuant to appellant's plea agreement and a government motion to amend the charge sheet which the military judge granted, the language "…at least two digital images and…" was excepted out of Specification 1 of The Charge. The Statement of Trial Results, as incorporated into the Judgment of the Court is hereby amended to except out the wording "at least" from Specification 1 of The Charge.

[4] The Statement of Trial Results, as incorporated into the Judgment of the Court, is amended to reflect the response to block 31 as "No."